**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

vs.

HOLLIE ANN NADEL,

       **Defendant.**
_____/

CR Action
No. 1:17-cr-00197

Washington, DC
10/26/17

**TRANSCRIPT OF INITIAL APPEARANCE/ARRAIGNMENT**
**BEFORE THE HONORABLE DEBORAH A. ROBINSON**
**UNITED STATES DISTRICT MAGISTRATE JUDGE**

<u>**APPEARANCES**</u>:

**For the Plaintiff:**    JESSE R. BINNALL
                              HARVEY & BINNALL, PLLC
                              717 King Street
                              Suite 300
                              Alexandria, VA 22314

**For the Defendant:**    DAVID B. KENT
                              KONDI JON KLEINMAN
                              555 4th Street, NW
                              Washington, DC  20530

Proceedings reported by audio recording.
_____

**Transcribing Reporter:**    **LORRAINE T. HERMAN,** RPR, CRC
                              Official Court Reporter
                              U.S. District & Bankruptcy Courts
                              333 Constitution Avenue, NW
                              Room 6710
                              Washington, DC 20001

**P R O C E E D I N G S**

1
2     **THE COURT:** This is criminal case year 1:17-197
3 United States versus Hollie Ann Nadel, also known as Rachel.
4 David Kent and Kondi Kleinmann for the government. Jesse
5 Binnall for the defense. Pre-trial officer is Saul Atencio.
6 This is an initial appearance, return arrest warrant and
7 arraignment.
8     Ms. Nadel, please stand and raise your right hand.
9 Do you solemnly swear that you will well and truly answer
10 all questions propounded to you so help you God?
11     **THE DEFENDANT:** Yes.
12     **THE COURTROOM DEPUTY:** Please remain standing.
13     **THE COURT:** Now, will you please state your full
14 name for the record.
15     **THE DEFENDANT:** Hollie Ann Nadel.
16     **THE COURT:** Thank you. You may be seated.
17     Before the case was called, the Court was advised
18 by counsel for the United States that the United States
19 would move to unseal the warrant and the indictment. I will
20 hear you now on the record, Mr. Kent. Good afternoon.
21     **MR. KENT:** Good afternoon, Your Honor. For the
22 record, the United States moves to unseal this case and the
23 indictment.
24     **THE COURT:** Thank you, Mr. Kent. That motion will
25 be granted nunc pro tunc to the time the case was called.

1          Now, it appears that Ms. Nadel has been arrested
2  on a warrant issued by the Court upon the return of an
3  indictment.
4          Ms. Nadal, you are advised that you are not
5  required to make any statement concerning the charges; and
6  that any statement you make may be used against you.  You
7  are advised you have the right to the assitance of counsel,
8  and the Court will appoint counsel to assist you, if you are
9  unable to retain counsel.  It is my understanding, however,
10 that you have retained counsel, thus the Court will make no
11 inquiry concerning your eligibility for appointed counsel.
12         Mr. Binnall, we do have your entry of appearance.
13 Thank you.
14         **MR. BINNALL:**  Thank you, Your Honor.
15         **THE COURT:**  Now, Mr. Binnall, did you receive a
16 copy of the indictment?
17         **MR. BINNALL:**  Yes, Your Honor.
18         **THE COURT:**  Are you prepared to proceed with the
19 arraignment?
20         **MR. BINNALL:**  Yes, Your Honor.
21         **THE COURT:**  Very well.
22         On behalf of Ms. Nadel, do you waive formal
23 reading of the indictment?
24         **MR. BINNALL:**  Yes, Your Honor, we do.
25         **THE COURT:**  And with respect to a plea?

1       **MR. BINNALL:**  Not guilty, Your Honor.

2       **THE COURT:**  Thank you, Mr. Binnall.  A plea of not
3  guilty will be entered.

4       **MR. BINNALL:**  Thank you.

5       **THE COURT:**  Thank you.

6       Counsel, this matter is on the calendar of U.S.
7  District Judge Sullivan.  We have been advised Judge
8  Sullivan has scheduled a status hearing for Tuesday,
9  November 7th at 3:00 p.m. in his courtroom, courtroom 24, on
10 the 4th floor.

11      I will ask that all of you please make note of
12 that date and time.

13      Now, Mr. Kent or Mr. Kleinman, does the United
14 States wish to be heard with regard to Ms. Nadel's condition
15 of release?  Mr. Kent?

16      **MR. KENT:**  Yes, Your Honor.  The government is
17 requesting that Ms. Nadel be held pending the outcome of the
18 detention hearing in this case.

19      First, Ms. Nadel has been charged with a crime of
20 violence as defined in 18 U.S. Code, Section 3142 (f)(2)(a).
21 Specifically, the crime of violence provision refers to 18
22 U.S. Code, Section 3142 (f)(1)(e), as charged in the
23 indictment.

24      Among the counts in the indictment is a count
25 charging Ms. Nadel, specifically in Count 5 of the

1    indictment, interference with interstate commerce by
2    extortion in violation of 18 United States Code, Section
3    1951 (a) and (2), which is defined as a crime of violence
4    under 18 U.S. Code, Section 3142(f)(a)(A).
5             Second, the government is requesting that a
6    preventive detention hold under U.S. Code, Section 3142
7    (f)(1)(a) in that Ms. Nadel is a serious risk of flight, as
8    is noted on Page 2 of the pre-trial services report in this
9    particular case.
10            Page 2 of the pre-trial services report also notes
11   that in the view of pre-trial services based on the
12   information provided by Ms. Nadel and the other
13   circumstances of this case and this defendant, that there
14   are no conditions or combinations of conditions which would
15   reasonably assure the defendant's appearance or safety to
16   the community.
17            The government has spoken with Jesse Binnall,
18   counsel for the defendant, and parties, if the Court is
19   amenable, are available for a detention hearing on
20   Wednesday, November 1st.
21            **THE COURT:**  Very well.  Thank you very much,
22   Mr. Kent.
23            Mr. Binnall?
24            **MR. BINNALL:**  Your Honor, we are asking that a
25   bond -- I think a small bond -- for Ms. Nadel be issued in

1     this case.

2             **THE COURT:**  Before you proceed, Mr. Binnall -- let
3     me ask you to come back, Mr. Kent.  I apologize.

4             Mr. Kent, I just noted that a hearing on November
5     1st is beyond the three days for which the government can
6     request a continuance.

7             **MR. KENT:**  That's correct, Your Honor.  The
8     government has discussed with defense counsel a possible
9     hearing of Monday or Tuesday but based on defense counsel's
10    schedule, defense counsel suggested that the -- if the Court
11    is available -- to set the reschedule or set the hearing for
12    Wednesday.

13            **THE COURT:**  So am I correct in my understanding
14    that the government would be prepared to proceed within the
15    three days that the statute provides?

16            **MR. KENT:**  That's correct, Your Honor.

17            **THE COURT:**  Very well.  Thank you, Mr. Kent.  Now,
18    Mr. Binnall?

19            **MR. BINNALL:**  And, Your Honor, we are available on
20    Friday to go forward.  I understand that the government is
21    not willing to do Friday, and that is not within the
22    three-day period.  The problem is it is early next week.

23            Your Honor, this is a case that is primarily --
24            **THE COURT:**  I apologize. Did you say Friday is
25    not within the three-day period?

1        **MR. BINNALL:**  I apologize, Your Honor. Friday

2    would be within the three days.

3        **THE COURT:**  Are you speaking of tomorrow?

4        **MR. BINNALL:**  Yes, ma'am, tomorrow.

5        **THE COURT:**  Very well.

6        **MR. BINNALL:**  I apologize to the Court.

7        **THE COURT:**  Mr. Kent and Mr. Kleinman, is it the

8    case that you wish a continuance -- I must ask this for the

9    sake of clarity because I just asked whether the government

10   would be ready to proceed in the three-day period.

11   Mr. Kent?

12       **MR. KENT:**  Your Honor, the government is not

13   available tomorrow.  The government is available Monday or

14   Tuesday.  Certainly with respect to the three days we could

15   be available for hearing on Monday.  We proposed Monday or

16   Tuesday to Mr. Binnall, but due to his schedule, he is not

17   available Monday or Tuesday and the party jointly suggested

18   Wednesday.

19       **THE COURT:**  Very well.  So the government is

20   available in the three-day period but not day one?

21       **MR. KENT:**  That's correct, Your Honor.

22       **THE COURT:**  Very well.  Thank you, Mr. Kent.

23       Okay.  Now, Mr. Binnall, please.

24       **MR. BINNALL:**  Your Honor, just to be clear, we

25   believe Friday is the best day for this.  We would hope that

1     someone from the government in the U.S. Attorney's Office
2     could make themselves available and I will explain why.
3                **THE COURT:**  You may.
4                **MR. BINNALL:**  This case, I think, is important for
5     the Court to determine pre-trial release quickly.  I
6     actually hope that Your Honor may consider doing that now.
7                These are primarily white-collar offenses.
8     Ms. Nadel does not have any priors, I believe.  I just
9     received the pre-trial services report.  I believe that is
10    consistent with it.  This is someone who is not a flight
11    risk.  Ms. Nadel has been aware of this investigation going
12    back at least since April.  I have been representing her
13    since May.  There has been no attempt on her part to avoid
14    the government at all during that time.
15               Quite honestly, Your Honor, if there was going to
16    be flight that was going to happen, it would have been
17    during that time.  And we believe that, of course, the Court
18    can take perfectly good means in order to make sure that she
19    is not a flight risk.
20               While the government has charged her with
21    extortion, that, in this case, is really part of the
22    white-collar crimes that are part of the government's
23    charges against her today.  There is nothing that shows she
24    is going to be a danger to the community.  There is
25    certainly nothing in her record that shows she will be a

1   danger to the community.

2   **THE COURT:** Do you acknowledge that the government
3   may move for a detention hearing on the ground that the
4   offense which occurred, the Count 5 offense, is a crime of
5   violence?

6   **MR. BINNALL:** I do, Your Honor. And that takes me
7   to my next point. They can do that -- I believe the Court
8   has jurisdiction here to do otherwise.

9   Ms. Nadel has some health issues.

10  **THE COURT:** Well, just a moment. I must ask these
11  questions --

12  **MR. BINNALL:** Yes, Your Honor.

13  **THE COURT:** I want the record to reflect your
14  contention with respect to the government's motion in the
15  first instance. This is not the detention hearing at this
16  time. Certainly what you have proffered thus far likely
17  would be proffered at a detention hearing.

18  My question is whether you acknowledge that the
19  government may move for a detention hearing based on the
20  County 5 charge?

21  **MR. BINNALL:** Yes, ma'am.

22  **THE COURT:** Very well. Please continue.

23  **MR. BINNALL:** Your Honor, my client is already
24  having some very serious health effects for being
25  incarcerated right now pre trial; and that includes she is

1    beginning to bleed, and she has medicine in a prescription
2    that when taken regularly can stop this from happening, but
3    this is a condition she has had for some amount of time.
4    What I understand is since she was 17 she has had this
5    condition.  I believe it's been over a decade she has had
6    this condition.
7              For that reason, it would seriously prejudice her
8    to wait this long, especially for the particular case that
9    we have here today where we have someone without any priors,
10   without anything in her record that shows that she is a risk
11   of flight.  So we would ask that the Court use some
12   discretion, here, to at least set the hearing no later than
13   tomorrow and preferably be able to get some relief today so
14   that Ms. Nadel does not suffer any serious health
15   consequences.
16             **THE COURT:**  Mr. Binnall, what is your availability
17   on Monday?
18             **MR. KENT:**  Your Honor, I have an obligation -- a
19   previous obligation to give a CLE in New York City on
20   Monday.  That has been scheduled for some amount of time.  I
21   am contractually obligated to do that.
22             The one thing I can say, Your Honor, is that I
23   have a new associate that is not a member of this Court yet
24   but is a member of the eastern district of Virginia.  I can
25   move her in pro hoc, and she could do the hearing on Monday;

1    and that is me trying to be flexible.

2    **THE COURT:** By new associate, do you mean a member
3    of your firm?

4    **MR. KENT:** Yes, ma'am.

5    MR. BINNALL:  To be honest, Your Honor, the
6    problem with that is still we are looking at four days.  I
7    understand not business days but four actual days until that
8    happens.

9    For my client to be detained during that amount of
10   time might have some very serious health consequences for
11   her.  It might be extremely prejudicial for her being that
12   she is bleeding and her way for controlling that is with
13   medication that she can take and is not currently being
14   given to her.

15   So that is the problem that we have with waiting
16   until Monday at all and -- to be quite honest, I am
17   concerned about waiting until tomorrow.

18   Because of these health consequences and because
19   of what I believe is a very strong case for pre-trial
20   release, we would ask the Court to set this tomorrow at the
21   very least, and consider releasing her at this point today
22   because of her health.

23   **THE COURT:** Very well.  Thank you, Mr. Binnall.  I
24   am working backwards.  I will hear from the government
25   concerning availability tomorrow.

1    I will note, however, that you have conceded that
2    the government has properly -- has a basis upon which to
3    move for a detention hearing.  The Court requires that an
4    individual be held without -- the statute requires that a
5    individual be detained pending the detention hearing;
6    however, we have medical alert forms on the table, which you
7    must complete, in order to ensure that Ms. Nadel receives
8    appropriate medical attention.  I will also make sure that
9    you receive the phone number of the general counsel of the
10   Department of Corrections who welcomes calls from counsel
11   concerning urgent medical needs.
12           MR. BINNALL:  Thank you, Your Honor.
13           **THE COURT:**  Thank you, Mr. Binnall.
14           Now, Mr. Kent or Mr. Kleinmann, what is the reason
15   that neither of you can proceed at some point tomorrow?
16           **MR. KENT:**  There is a personal reason with respect
17   to myself that I would have to approach the bench to advise
18   the Court of.  Before I do that, I want to back up and
19   mention one important point.  These proffered concerns --
20           **THE COURT:**  Well, you need not approach concerning
21   the personal matter.  Is other counsel, for example, other
22   counsel of record on this case available tomorrow?
23           **MR. KENT:**  I believe Mr. Kleinmann might be
24   available.
25           Mr. KLEINMANN:  Yes, Your Honor, I am not lead

1     counsel on the case, but if that is what has to be done, I
2     can make myself available.
3              **THE COURT:**  Very well.  Having said that, I
4     believe we can proceed tomorrow.
5              **MR. KENT:**  Very well, Your Honor, but I will note
6     for the record that these proffered health concerns are
7     nowhere noted on the pre-trial services report, and
8     Mr. Atencio had noted to us that the only reported concern
9     as far as physical health is asthma, and there is also
10    certainly another mental health concern noted.  So I am not
11    -- these claims that her health is going to suffer if the
12    hearing does not occur tomorrow, are inconsistent with what
13    the defendant, herself, has noted to pre-trial services.
14             **THE COURT:**  Very well.  The Court's concern that
15    we endeavor to proceed tomorrow is based largely on the
16    statute itself; and that is the statute provides for a
17    continuance of up to three days.  In this instance, the
18    record, of course, reflects that the investigation has been
19    pending for some time.  Both counsel have referred to the
20    pendency of a long-term investigation suggesting that the
21    need for a continuance of any additional period is not
22    supported, at least at this time, by a showing of good
23    cause.  And it is for that reason that the Court believes we
24    should proceed tomorrow, since counsel for the government
25    and counsel for Ms. Nadel will be available tomorrow; and

1     that's the sole basis for the Court's rationale.

2              **MR. KENT:**  Very well, Your Honor.

3              **THE COURT:**  Just moving into next week, counsel

4     for Ms. Nadel, who has retained counsel, is not available

5     Monday and Tuesday; and there certainly is no basis

6     representing a good cause determination for moving it to a

7     fourth day.  So give the deputy clerk one moment, please,

8     while we propose a time tomorrow.

9              We can schedule the detention hearing for 2:00

10    p.m.  There is a matter on the calendar for 2:00 p.m.  I

11    will suggest that you be ready to proceed at 2:00 with the

12    understanding that it may be 2:15 before we reach your

13    matter.  If you prefer a time certain, I would say 2:30.  So

14    2:00 p.m. with the understanding you may need to wait a few

15    minutes or 2:30 which is more likely to be a time certain.

16    Would you like to take a moment and confer with each other

17    and pick one of those, please?

18             **MR. KENT:**  Preference of the Court, I believe from

19    both of us, Your Honor, we are both fine.

20             **THE COURT:**  We will schedule the matter for 2 -- I

21    want to bring it to your attention that there is another

22    matter at 2, which may be removed from the calendar.  But if

23    it is not, you will wait until we reach your matter next.

24    Very well.  Thank you very much.

25             Now, Mr. Binnall, please complete the medical

1    alert form, which is on the table by the wall and also bear
2    with the deputy clerk, please, until she has an opportunity
3    to provide you with a number of the general counsel of the
4    Department of Corrections.
5           **MR. BINNALL:**  Yes, Your Honor, and we appreciate
6    that.
7           **THE COURT:**  Very well.  Thank you very much.  Is
8    there anything further at this time?  Mr. Kent or
9    Mr. Kleinman?
10          **MR. KENT:**  No, Your Honor.
11          **THE COURT:**  Mr. Binnall?
12          MR. BINNALL:  [No response]
13          **THE COURT:**  Anything further on behalf of
14   Ms. Nadel?
15          **MR. BINNALL:**  Not at this point, Your Honor.
16          **THE COURT:**  Thank you very much.  Ms. Nadel,
17   please return with the marshall.
18          Mr. Binnall, other than completing the medical
19   alert form and getting the number of general counsel, you
20   may be excused.
21          **MR. BINNALL:**  Thank you, Your Honor.
22          **THE COURT:**  Mr. Kent and Mr. Kleinman, you may be
23   excused.
24          **MR. KENT:**  Thank you, Your Honor.
25

**C E R T I F I C A T E**

I do certify that the foregoing is a true, correct and complete transcript of the audio-recorded proceedings in this matter, audio recorded on October 26, 2017, and trancribed from the audio recording to the best of my ability, and that said transcript has been compared with the audio recording.

_____    _____

**DATE**                  **Lorraine T. Herman**
                          Official Court Reporter
                          333 Constitution Avenue
                          Washington, DC  20001
                          202-354-3000